FORNEY ENGINEERING COMPANY,
Appellant,

v.

CANNON COMPUTER COMPANY,
Appellee.

No. 5729.

Court of Civil Appeals of Texas,
Waco.

June 23, 1977.

Rehearing Denied July 28, 1977.

Phillip N. Smith, Jr. and William B. Finkelstein, Hughes, Luce, Hennessy, Smith & Castle, Dallas, for appellant.

Gordon H. Rowe, Jr. and J. Carlisle DeHay, Jr., Gardere, Porter & DeHay, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant (appellant) Forney from that portion of a judgment which assessed punitive damages against it.

Cannon Computer Company, plaintiff, sued Forney Engineering Company, defendant, alleging plaintiff entered a "Computer Services Licensing Agreement" with defendant whereunder a trade secret of plaintiff described as a data processing system known as the Material Control System was licensed to defendant; that the system was not to be duplicated by defendant or supplied to any third party; that defendant reproduced substantial parts of the system and supplied it to a third party; that defendant's conduct was a breach of the written contractual agreement and also a tort.

Trial was to a jury which in answer to special issues found:

1) There was a conversion of property of Cannon Computer by defendant Paul Estes (an employee of Forney).

2) The conversion of the property of Cannon Computer was authorized or ratified by Bill Seledic (an executive of Forney).

3) Trade secret and proprietary rights of Cannon Computer were violated by Paul Estes (an employee of Forney).

4) Such violations were authorized or ratified by Bill Seledic (an executive of Forney).

5) $28,612.88 "if paid now in cash * * [will] fairly and reasonably compensate Cannon Computer Company for

the pecuniary loss suffered by it as a result of the breach of the Computer Services and Licensing Agreement dated February 2, 1974".

6) "Do you find from a preponderance of the evidence that Cannon Computer Company is entitled to punitive damages against Paul Estes and Forney Engineering Company?

Answer: *Yes.*

" 'Punitive damages' means an amount of money which you may in your discretion, award as an example to others and as a penalty or by way of punishment, in addition to any amount which may have been found by you as actual damages. The various elements which you may consider in connection with your assessment of punitive damages, if any, and not otherwise, are compensation for inconvenience, attorney's fees, expense of litigation, and other expenses not recoverable as actual damages, if any. Answer in dollars and cents if any. Answer: $63,000."

The trial court rendered judgment on the verdict for $91,612.88 (i. e., $28,612.88 plus $63,000.) against defendant Forney.

Defendant appeals on 10 points, the dominant contention of which is:

The trial court erred in granting punitive damages because there was no jury finding that defendant acted maliciously, wantonly, or in reckless disregard of the rights of plaintiff, or with other reprehensible state of mind as a prerequisite to an award of punitive damages.

Defendant asserts that a finding by the jury of malice, wantonness or other reprehensible state of mind is a necessary prerequisite to the recovery of punitive damages. We agree.

Defendant objected to Issue 6 for the failure to submit to the jury the fact issue of whether or not Estes or Forney acted maliciously, wantonly, fraudulently or in reckless disregard of the rights of plaintiff, as a prerequisite to an award of punitive damages; and in addition tendered and requested the submission of this fact issue of malice or other reprehensible state of mind; which objections and requests were overruled.

We sustain defendant's contentions. The jury found: 1) defendant converted plaintiff's property; 2) defendant breached its contract with plaintiff; 3) that plaintiff was damaged $28,612.88 as result of the breach of contract; and 4) plaintiff is entitled to punitive damages of $63,000. "as an example to others and as a penalty or by way of punishment".

Assuming without deciding that the actual damages are recoverable for the tort committed by defendant as well as the breach of contract; punitive damages may still not be awarded plaintiff absent a *finding* of malice, wantonness or other reprehensible state of mind on part of defendant. *Ware v. Paxton,* S.Ct., 359 S.W.2d 897; *Southwestern Investment Co. v. Alvarez,* S.Ct., 453 S.W.2d 138; *Holland v. Lesesne,* Tex.Civ.App. (San Antonio) NRE, 350 S.W.2d 859.

The judgment is reformed by the elimination of $63,000. punitive damages, and as thus reformed is affirmed.

REFORMED and AFFIRMED.